STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS, Appellant, v. PAGE OOTEN, Appellee.

No. 41498.

JUNE 24, 1932.

REHEARING DENIED DECEMBER 15, 1932.

544

J. H. Henderson, Stephen Robinson, and H. H. Miller, for appellant.

Prichard & Prichard, for appellee.

Evans, J.—In State ex rel. Board of Railroad Com. v. Blecha & Owen, 213 Iowa 1269, we analyzed on the one hand Chapters 252-A1 and A2, and Chapter 252-C1 on the other, and we shall not now repeat that discussion. To one operating under the latter chapter a permit is granted and a fee of $5.00 is charged. One who operates under the first named chapter is subject to a certificate of convenience, and a tax or license fee imposed. Chapter 252-C1 is later legislation than Chapter 252-A1. The distinction made as between the two kinds of operators is one that can become exceedingly difficult of practical application. A truck operator who operates between fixed termini and on a regular route is readily identified. But when one operates upon any and all routes and between any and all termini, it becomes a question of degree whether sooner or later his business may not concentrate upon a regular route and two fixed termini. As between two termini there can hardly be other than a "regular route," if the distance be short. In this case the defendant is, and has been, engaged in a regular occupation for many years as a fireman in a municipal plant at Onawa. Such is now his regular business. As an avocation, and for the purpose of utilizing the services of a son, a member of his family, he bought a two-ton truck, with a purpose of doing miscellaneous trucking on whatever route, and between whatever termini. He began his operations on September 15, 1930, and was enjoined, pending suit, on April 10, 1931. Sioux City is the wholesale market of the Onawa locality and is 38 miles distant therefrom. The farmers in the Onawa territory market their live stock at Sioux City and deliver it by truck. This business seems to have been the principal objective of the defendant in the first instance. He hauled grain to market in threshing time and thereafter, and he hauled live stock to Sioux City in large numbers. By the very nature of the situation, Sioux City becomes one terminus for all the grain and live stock marketing. Onawa is a county seat town. Its merchants patronize the wholesale houses of Sioux City. Wednesdays and Saturdays are considered the principal business days at Onawa by the merchants thereof. On Tuesdays and Fridays, therefore, they aim to replenish their stocks from the wholesale markets of Sioux City. Their purchases are

trucked from Sioux City to Onawa. The truck of the defendant has been utilized for that purpose. How regular such use has been, is the question in controversy. The testimony of the defendant is that he has never made a trip to Sioux City for the purpose of trucking goods back from Sioux City to Onawa; that he has availed himself of that business only on a return trip from Sioux City after bringing a truck load into Sioux City from the Onawa farm territory. It is perhaps fair to assume that he has recognized Tuesdays and Fridays as a trucking day from Sioux City and that he may have adapted his other trucking to such days whenever he could do so. The amount of trucking that he has done for the merchants of Onawa is not very impressive. But this is the business to which complaint is especially directed. On the face of things we might naturally assume that if his business becomes a success it will naturally concentrate upon the highway between Sioux City and his home town. Such highway is paved, and is therefore an invitation to such concentration. It is because of the paving improvement and the fact that transportation business will naturally concentrate upon it that the law classifies the truck operator between fixed termini and over a regular route as being subject to taxation or license fees. In some such way must the cost of paving improvement and its maintenance be equitably met. The fact that the defendant was a permit holder under Chapter 252-C1 does not give him a permanent status as such. The very development of his business may result in imposing upon him the status created by Chapter 252-A1, notwithstanding his original classification. We had this statute under consideration in the recent case of State ex rel. Board of Railroad Com. v. Blecha & Owen, supra. The material facts in that case were very like those that appear herein. We are unable to see a material distinction between them. We recognize the fact that the line of demarcation is close and difficult. We see nothing to be gained by a detailed discussion of the evidence. It can never be identical in any two cases. The period of operation by the defendant was short. A longer period might have developed the facts more definitely. The burden must be deemed to rest upon the plaintiff. Pursuant to our holding in the Blecha & Owen case, above cited, we think the same result must be reached here. We do not thereby purport to adjudicate for defendant a permanent status.

The judgment below is accordingly—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, ALBERT, and KINDIG, JJ., concur.