STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS, Appellant, v. LISCHER BROTHERS et al., Appellees.

No. 41723.

608

JANUARY 17, 1933.

J. H. Henderson, Commerce Counsel, Stephen Robinson, Assistant Commerce Counsel, and H. M. Ofelt, County Attorney, for appellant.

H. O. Weaver and Seerley, Clark & Hale, for appellees.

MITCHELL, J.—The appellant, in its petition, alleges that the appellees are now, and have been since on or about August 1, 1931, operating a motor vehicle or vehicles for the public transportation of freight for compensation between fixed termini or over a regular route without first procuring a certificate of convenience and necessity from the board of railroad commissioners of the state of Iowa, as provided by chapter 252-A1, Code of Iowa 1931, and without complying with the various provisions of the said chapter 252-A1,

and without paying a motor carrier tax as provided and required by chapter 252-A2, Code of Iowa 1931, and that the operation of said motor vehicle or vehicles by the appellees between Wapello and Burlington, Iowa, therefore results in an unlawful and unauthorized use of the public highways. Appellant asked that the appellees be enjoined from operating over the highways of the state as motor carriers between Wapello and Burlington. The appellees answered by a general denial, and averred, in substance, that they have been operating a truck line for their own convenience and for public transportation, but that said operations have been under license and permit issued by the board of railroad commissioners under chapter 252-C1 of the Code of Iowa, and specifically denied that they have been guilty of any violation of the provisions of said chapters, and asked that the petition be dismissed at appellant's cost.

This court, in its very recent decision in State ex rel. Board of Railroad Commissioners v. Blecha & Owen Transfer, 213 Iowa 1269, and in its decision in the case of State ex rel. Board of Railroad Commissioners v. Ooten, 215 Iowa 543, has definitely settled the law in cases of this kind, and it is not necessary for us here to again restate the law.

In this case it is simply a case of what the evidence shows the appellees were doing, and whether or not, under the rules laid down in our recent decisions, and under the facts in this case, the appellant is entitled to the relief prayed. It therefore becomes necessary at this point to refer to the testimony in this case.

There are various ways for the transportation of freight between Burlington and Wapello, to wit, the Chicago, Rock Island & Pacific Railway, Mercer Transfer & Storage Company, and also a bus line. There are other truckers who haul freight from intermediate points between the two cities. The Mercer Transfer & Storage Company secured a certificate of convenience and necessity, under the provisions of chapter 252-A1 of the 1931 Code of Iowa, operating over the route in question. There are in the city of Burlington various wholesale and manufacturing concerns. There do not appear to be any wholesale or manufacturing concerns in the town of Wapello; at least, the record does not show any, though no doubt some good citizens of Wapello would deny that the statement that there are no wholesale or manufacturing concerns in Wapello was correct. Lischer Brothers is a copartnership, consisting of Andrew G. Lischer

and Floyd W. Miller, and it was engaged in the trucking and hauling business at Wapello. In addition to this, it was in the coal and produce business. It hauled freight which came to the Rock Island depot in Wapello for Wapello merchants. It also made trips for hauling purposes between Wapello and various other cities, some of which were Muscatine, Davenport, Marengo, Cedar Rapids, Iowa City, Sioux City, St. Louis, Missouri, and Omaha, Nebraska. It hauled hogs, grain, and live stock for farmers. It hauled freight from the places of business of the Burlington wholesale houses and manufacturing concerns to the merchants in Wapello. Lischer Brothers did not advertise for nor solicit any business at Burlington or at Wapello, and operated only on call. These calls were usually made by telephone, but sometimes in person by the salesmen or the merchants. It had no schedule of when trips were to be made between Burlington and Wapello. The trips were made on call, from early morning until late at night. The record shows that the trips between Wapello and Burlington were different each week. Sometimes they would be made once a week, sometimes twice, and, in certain weeks, three or four trips a week would be made; and in some, no trips were made. Lischer Brothers had no regular rate which it charged for hauling freight between Wapello and Burlington or Burlington and Wapello, nor did it have any schedule filed. The charge which it made for the service rendered was according to the time consumed and the difficulty encountered in making the delivery. At times the appellees refused to make trips and the goods were shipped over the Rock Island railroad by the wholesale houses in Burlington to the merchants at Wapello. Appellees had no standing contracts with any wholesale houses or manufacturing concerns at Burlington, nor with any of the merchants at Wapello, but hauled freight only when called by the party desiring to have the freight hauled.

The facts in this case are almost identical with the facts in the case of State ex rel. Board of Railroad Commissioners v. Blecha & Owens, supra. In fact, the only difference between the facts in the case at bar and the facts in the Blecha case is the difference in the names of the towns and the fact that there were no wholesale houses at Wapello. There is nothing in the record which indicates any attempt on the part of the appellees to in any way evade any of the provisions of the law. There was no predetermined plan, no solicitation, no fixed rate, no regular trips, no fixed termini, or regular route. It is clear from the record that the appellees have not been

operating their motor vehicles between fixed termini or over a regular route. Therefore, the judgment of the trial court is correct, and the same is hereby—Affirmed.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, and ANDERSON, JJ., concur.