STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS,
Appellant, v. T. R. THOMPSON, Appellee.

No. 42016.

JANUARY 16, 1934.

J. H. Henderson, Commerce Counsel, and Stephen Robinson, Assistant Commerce Counsel, for appellant.

F. E. Northup and H. Druker, for appellee.

KINTZINGER, J.—The defendant is charged with operating a truck for public transportation of freight between fixed termini on a regular route since March, 1931, without complying with the provisions in chapters 252-A1 and 252-A2 (section 5105-a1 et seq. and section 5105-a40 et seq.) The defendant lives at Gilman, Iowa, and is the owner of the truck in question. He defends on the ground that he is not engaged in the operation of a truck for public transportation of goods between fixed termini or over a regular route or schedule, but is operating with a state permit under chapter 252-C1 of the Code (section 5105-c1 et seq.).

The evidence shows that the only regular occupation the defendant has is that of hauling the United States mail between the depot and post office in Gilman, Iowa, every morning and evening under contract. It also shows that between times he does all kinds of jobs, such as plowing and trucking in Gilman; and, when called upon, he does trucking outside of Gilman, for merchants in Gilman, Dunbar, and for others to various towns in Iowa. The record shows that he has hauled goods and merchandise to Des Moines, Grinnell, Tama, Montour, Dunbar, Le Grand, Laurel, Ferguson, Newton, and Montezuma; that he made all of these trips whenever he was called upon, and when he could arrange his work in town to do so. Some of the merchants in Gilman and Dunbar called upon the defendant to haul groceries and other merchandise for them from wholesale dealers in Marshalltown, Iowa, a distance of eighteen miles.

The complaint made in this case is that he has established a regular route between Marshalltown and Gilman and is operating his truck regularly for public transportation between those two termini. There is no evidence of any shipments from Gilman to Marshalltown.

The defendant was not operating on a time schedule and had no fixed days for leaving or returning to or from Gilman and Marshalltown; and he had no fixed time or schedule of leaving for or returning from any other town. The only time he made any trips was when called upon so to do, and not then unless he could get away from any other work he might be doing. If he received no calls, he made no trips. Some weeks he made no trips between Marshalltown and Gilman.

He also made trips to numerous other towns above referred to for the purpose of hauling goods. These other towns were not on any regular route and did not come within the term "fixed termini" as provided in chapters 252-A1 and 252-A2. The amount of trucking done by him for merchants in Gilman and Dunbar was not great. Under the evidence, as shown by various bills of lading introduced, it is fair to conclude that the only trips made by him between Gilman and Marshalltown between April, 1931, and May, 1932, for the purpose of transporting goods and merchandise, were made only when called upon as follows: In the month of April, 1931, he only made five trips; in May, eight trips; in June, not over ten trips; in

July, not over ten trips; in August, not over thirteen trips; in September, only one trip; in October, only four trips; in November, only two trips; in December, seven trips; in January, 1932, four trips; in February, six trips; in March, nine trips; in April, eleven trips; and in May, 1932, one trip.

Between the times of making the trips to Marshalltown he made the other trips to Des Moines, Grinnell, and other places above referred to. None of these towns was between Marshalltown and Gilman, and when on those trips he hauled no goods between Marshalltown and Gilman. On the contrary, the evidence shows that when making such other trips he refused to haul goods from Marshalltown to Gilman. None of the trips made anywhere was upon any regular route or schedule. He had no fixed termini between which he held himself out as transporting goods, and no regular route or schedule.

We have heretofore analyzed the provisions and distinctions between chapters 252-A1 and 252-A2 on one hand, and chapter 252-C1 on the other, in State v. Blecha & Owen, 213 Iowa 1269, 239 N. W. 125; State v. Ooten, 215 Iowa 543, 243 N. W. 329; State v. Lischer, 215 Iowa 607, 246 N. W. 264; and a further detailed discussion is unnecessary here.

An automobile engaged in the public transportation of freight between fixed termini or on a regular route and on schedule is by chapters 252-A1 and 252-A2 required to secure a certificate of necessity and pay the required tonnage tax. Such a truck not operating between fixed termini over a regular route or on a schedule is not required to secure a certificate of necessity or to pay the tonnage tax, but is granted a permit on the payment of a certain fee under chapter 252-C1. In the case of State ex rel. Board of R. Com'rs v. Ooten, 215 Iowa 543, 243 N. W. 329, we said:

"The distinction made as between the two kinds of operators is one that can become exceedingly difficult of practical application. A truck operator, who operates between fixed termini and on a regular route, is readily identified. But when one operates upon any and all routes, and between any and all termini, it becomes a question of degree whether sooner or later his business may not concentrate upon a regular route and two fixed termini. As between two termini there can hardly be other than a 'regular route,' if the distance be short. In this case the defendant is, and has been,

engaged in a regular occupation for many years as a fireman in a municipal plant at Onawa. Such is now his regular business. As an avocation, and for the purpose of utilizing the service of a son, a member of his family, he bought a two-ton truck with a purpose of doing miscellaneous trucking on whatever route, and between whatever termini."

In the case at bar the regular occupation of the defendant was that of hauling mail under contract from the depot to the post office in the town of Gilman. He makes two trains in the morning between eight and eleven and one in the evening around five o'clock. For the purpose of occupying his unengaged time, he engaged himself in other work such as plowing, gardening, hauling rubbish, and anything he can get to do with a team and truck. For the purpose of doing trucking he received a permit from the Iowa Board of Railroad Commissioners under chapter 252-C1, and thereafter whenever he had time and whenever he was called on by merchants in Gilman or Dunbar he made trips to Marshalltown for the purpose of hauling whatever merchandise he was engaged to transport; and also on request of others he made trips to numerous other towns.

In State ex rel. Railroad Com'rs v. Blecha & Owen, 213 Iowa 1269, loc. cit. 1274, 239 N. W. 125, we said:

"The application for a certificate of convenience and necessity must show 'a complete description of the route over which the applicant proposes to operate,' *and also and more significant, it must show 'schedule setting forth in detail the service which the applicant proposes to furnish.'* [Italics ours.] See section 5105-a12, Code 1927. This indicates a fixity of route and regularity as to travel thereon. True, there may be 'occasional, periodic or irregular departures from such termini or route. In other words, the party, or parties, having a certificate of convenience and necessity may, for good reasons, make immaterial variations from the route. But because one may have a certificate of convenience and necessity for the operation of motor vehicles, this does not signify that others may not legitimately use the highways—the same route and between the same termini. It will be observed from the foregoing testimony that the defendants had no predetermined plan relative to trips made to and from Cedar Rapids. If there is no call, no trip is made; if a call is made, the highway extending between them and the place of the call determines the route, and also the termini thereof."

The defendant in this case made no trips for the purpose of transporting goods except on occasions when called upon so to do. If there were no calls, he made no trips. Having given this question consideration in the cases of State v. Blecha & Owen, State v. Ooten and State v. Lischer, supra, we deem it unnecessary to repeat the discussion further. The material facts in this case are not sufficiently different from those in the cases referred to as to require a different result. We are constrained to find that the facts in this case are governed by our holding in the cases referred to.

We recognize that the line of demarcation between the cases coming within the Code chapters referred to is close and sometimes difficult to ascertain, and that the facts may not be identical in all cases. We also realize that an increase in defendant's business between any two termini might in the future be sufficient to bring him within the terms of chapters 252-A1 and 252-A2. Pursuant to our holdings .in the cases above cited, the same conclusion must be reached here. . We do not, however, by this holding for the defendant, adjudicate for him a permanent status.

The lower court held in favor of the defendant appellee, and we see no reason for reaching a different conclusion. The judgment of the lower court is right, and the same is hereby affirmed.

CLAUSSEN, C. J., and ANDERSON, STEVENS, MITCHELL, KINDIG, EVANS, and DONEGAN, JJ., concur.