**Allen BERRY, Respondent,**

v.

**Raymond GOETZ, Appellant.**

**No. C6–83–1751.**

Court of Appeals of Minnesota.

May 22, 1984.

Robert A. Nicklaus, Chaska, for appel-
lant.

Jeffrey M. Baill, Minneapolis, for respon-
dent.

Heard, considered and decided by POPO-
VICH, C.J., and FORSBERG and RAN-
DALL, JJ.

**OPINION**

POPOVICH, Chief Judge.

This appeal involves an automobile acci-
dent between plaintiff-respondent and de-
fendant-appellant on August 5, 1981. The
trial court held that appellant drove negli-
gently and that his negligence was the
direct and proximate cause of the accident.
Respondent was awarded $1,714.47 for the
damage to his car. Appellant's post trial
motion for a new trial or a dismissal of
respondent's complaint was denied. Appel-

lant appeals the sufficiency of the evidence supporting the judgment and the propriety of the trial court's denial of the post trial motion.

## FACTS

At approximately 10:30 P.M. on August 5, 1981, there was a collision between respondent's 1980 Pontiac Grand Prix and appellant's 1977 two-ton truck. The collision occurred at or about the juncture of Interstate 494 and the exit ramp from Highway 55 to Interstate 494. The parties disagree about virtually everything but these facts.

### Respondent's Account of the Accident

Respondent testified that at the time in question he was traveling west on 494 at about 50 m.p.h. He and his wife had dinner with his mother in Highland Park and were driving home to Edina. Traveling in the left lane just past the ramp from Highway 55 he felt a little nudge in the right rear of his vehicle. A split second later there was a large bang into the passenger door. Respondent's wife screamed and then there was another big bang, this one involving the front of the vehicle. Respondent then steered away from the impact and pulled to the side of the road. Appellant also pulled to the side of the road.

Respondent says he got out of his car and asked appellant what happened. Appellant supposedly responded, "I didn't see you." After surveying the damage to his car, respondent drove to Twin Cities International Airport and phoned the Highway Patrol. Appellant and respondent's wife stayed at the scene of the accident.

Respondent had his car repaired at a Pontiac dealership. The repair bill came to $1,714.47.

### Appellant's Account of the Accident

Appellant testified that he had loaded cattle at South St. Paul and was on his way back to Waconia. He drove across the Mendota Bridge to the cloverleaf ramp of 494. He was traveling approximately 20 m.p.h. down the ramp, which along with 494 itself was ripped up for resurfacing. Visibility was good but the road was rough and wet. Appellant looked to his left and checked his mirror but there was no car on the freeway. He first felt and then saw respondent's car after it hit the front wheel of the truck. He immediately hit his brakes and came to a stop in the cloverleaf, at least three to four feet before its juncture with 494.

He stated that there is a second access to the cloverleaf and that respondent came from behind him on the ramp. He claims that respondent's attempt to pass him in the ramp caused the accident.

After the collision, he and respondent pulled off the road just beyond the cloverleaf. He, respondent and respondent's wife got out of the vehicles and came together. Respondent allegedly said his car hit a hole and bounced into appellant's truck. A short time later respondent allegedly changed his story and claimed it was the truck that hit the hole and caused the collision. Appellant responded there was no way in the world a hole would cause his truck to bounce like that. Supposedly, respondent's wife then told respondent the collision was his fault.[1] Respondent then went and phoned the police to inform them of the accident.

The trial court, sitting without a jury, determined that appellant's failure to keep a proper lookout, to maintain control over his vehicle, and to yield the right of way caused the collision. Judgment was entered for respondent in the amount of $1,714.47. Appellant's alternative motion for amended findings dismissing respondent's complaint or a new trial was denied. This appeal followed.

## ISSUES

1. Whether there was sufficient evidence to support a judgment for plaintiff.

---

1. A hearsay objection was made to alleged statements of respondent's wife. The trial court, sitting without a jury, recognized the hearsay nature of the statement and stated it would determine what weight, if any, to give the statement but allowed the testimony.

2. Whether the trial court abused its discretion by denying respondent-appellant's motion for a new trial.

## ANALYSIS

1. Plaintiff-respondent claimed that the accident occurred as defendant-appellant merged into the moving traffic of Interstate 494. Defendant-appellant claimed that plaintiff-respondent ran into his truck while attempting to pass the truck on the entry ramp to 494. The trial court considered the conflicting testimony and made three findings of fact:

1. That on or about August 5, 1981, plaintiff was traveling westbound on Highway 494 in Minneapolis.

2. That on or about August 5, 1981, defendant attempted to enter onto westbound Highway 494 in Minneapolis from an entrance near the Mendota Bridge, when he failed to observe plaintiff's motor vehicle and caused his automobile [sic] to travel over two lanes of traffic causing his automobile to collide with plaintiff's automobile.

3. That the automobile driven by plaintiff was damaged in the amount of $1,714.47.

In reviewing these findings of fact we are guided by the rules of *Fidelity Bank and Trust Company v. Fitzimons,* 261 N.W.2d 586 (Minn.1977). There the court stated:

"... Where a trial judge sits without a jury, the rule varies with the character of the evidence: (a) If he decides a fact issue on written evidence alone, we are as able as he to determine credibility, and so we may disregard his finding. (b) Where the evidence is partly oral and the balance is written or deals with undisputed facts, then we may ignore the trial judge's finding and substitute our own, (1) if the written evidence or some undisputed fact renders the credibility of the oral testimony extremely doubtful, or (2) if the trial judge's finding must rest exclusively on the written evidence or the undisputed facts, so that his evaluation of credibility has no significance. (c) *But where the evidence supporting his finding as to any fact issue is entirely oral testimony, we may disturb that finding only in the most unusual circumstances."*

*Id.* at 588–89 (quoting *In re Trust Known as Great Northern Iron Ore Properties,* 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976) (emphasis added)); *see also Dodge v. Minnesota Mining and Manufacturing Company,* 278 N.W.2d 97, 100 (Minn.1979) (where the evidence is conflicting, it is the duty of the trial court to sift the evidence and determine the facts, and this court will not disturb the trial court's finding where there is evidence that reasonably supports that finding).

In this matter, the disputed findings are based entirely on the oral testimony. The trial court observed the witnesses and concluded that respondent's account of the facts was more credible. Respondent's account was sufficient to support the trial court's findings and was not so inherently incredible as to justify intervention by this court.

2. Appellant maintains the trial court's refusal to grant a new trial was reversible error. He claims he is entitled to a new trial because the judgment for respondent is not supported by the evidence and is contrary to law. In support of his claim, he cites *Messenger v. St. Paul City Railway Co.,* 77 Minn. 34, 79 N.W. 583 (1899).

In *Messenger,* the plaintiff was injured when she fell or was thrown from a railway car. She testified that the train started up as she was exiting and she was shot from the car as if shot from a gun. She was thrown off sideways from the platform, clear over the steps, through and beyond the open gates, a distance of about four feet to one side and more than three feet downward. She landed on her feet in the mud, and then fell on her knees in the mud. She never touched the steps as she passed over them, and never touched the ground until she reached the place where she came down on both feet, outside of the open gates. *Id.* at 37, 79 N.W. at 584. Plaintiff's testimony was neither corroborated nor contradicted; no one else saw

what happened. The jury returned a verdict in plaintiff's favor. Defendant's motion for a judgment notwithstanding the verdict or a new trial was denied.

On appeal, the Minnesota Supreme Court reversed the trial court's denial of a new trial, saying:

[Plaintiff's] case rests upon the assumption of the absolute verity of her statement. For this reason the mere proof that she fell down or was thrown down and injured immediately after leaving the car would not, in the absence of an explanation from her as to how it happened, support a verdict in her favor. She makes an explanation as to how it happened, but her explanation is highly improbable.

We cannot say there is not some evidence to support the verdict. But her uncorroborated evidence on the essential and vital point in the case is so inherently improbable and unreasonable that in our opinion the trial court abused its discretion in refusing to set aside the verdict, and grant a new trial. *See Voge v. Penney*, 74 Minn. 525, 77 N.W. [422] 423. This rule can be applied by this court only in extreme cases. But when such a case is presented the court should not hesitate to act.

*Id.* at 42, 79 N.W. at 587.

■ The present case is not one of the "extreme cases" calling for application of the *Messenger* rule. While we may have decided the case differently, we cannot say that respondent's testimony is so inherently improbable and unreasonable that the trial court abused its discretion in refusing to vacate the judgment and grant a new trial. Viewing the evidence in the light most favorable to the prevailing party, we find evidence reasonably tending to support the judgment and therefore must affirm. *See generally Stumne v. Village Sports and Gas,* 309 Minn. 551, 552, 243 N.W. 329, 330 (1976).

## DECISION

The judgment in favor of respondent and the order denying appellant's motion for a new trial are affirmed.