**William John HUNT, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C9–84–443.**

Court of Appeals of Minnesota.

Oct. 30, 1984.

Randall D. Tigue, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Jeffrey S. Bilcik, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

William Hunt appeals from the revocation of his license for driving while intoxicated on grounds that he was not the driver. The court affirmed the revocation of Hunt's license. Hunt also appeals the denial of his motion for new trial or for amended findings based on newly-discovered evidence.

## FACTS

On a cool dry October 29, 1983, at 10:00 P.M., Linda Andrus heard tires squeal and went to her window to see an automobile lying in the ditch. She was unable to determine how many people were in the car, or who was driving. She called the police who arrived within a few minutes. Driving to the scene, Officer Balabon passed two men walking about one and one-half blocks from the accident. He went to the automobile in the ditch and found nobody there. An envelope in the car was addressed to William Hunt. The officer returned to his squad car, and caught up to the two men. One was William Hunt. Hunt declined having any knowledge about who owned the car or why it was in the ditch. Hunt was watery-eyed and smelled of alcohol. Officer Balabon conducted a field sobriety test, and determined that Hunt was intoxicated. He performed a license check, and found that the automobile was registered to William Hunt. He placed Hunt under

arrest for D.W.I., and read him the implied consent advisory form. Hunt refused chemical testing. His driving privileges were revoked one week later according to statute. Minn.Stat. § 169.123, subd. 5a (1982).

Hunt appealed his revocation, and presented his side of the story. He testified that earlier in the evening Gloria Hunt, his wife, dropped him and a friend off at a bar. Later she returned to pick them up. She was the driver who spun out; they were the passengers. They tried to help her out of the ditch to no avail. A neighbor, Linda Jorgenson, happened to come by and pick up Gloria Hunt. The two men started to walk home. Gloria Hunt testified similarly. In addition, she emphasized that the automobile was a gift to her the previous Christmas, and she never let others, including William, drive it.

The court determined that Officer Balabon had probable cause to believe that William Hunt was the driver of the automobile, and that Hunt was driving while under the influence. The court's decision relied on the fact that an envelope in the car was addressed to William Hunt, that the car was registered to him, and that he was in the vicinity at the time. The court rejected the Hunts' version of the accident as "extremely incredible."

Among other things, it noted that the time element in Gloria's testimony was askew. William Hunt never told Balabon that his wife was involved. Neither Balabon nor Andrus, both close observers of the scene, ever saw Linda Jorgenson pick up Gloria. Finally, Linda Jorgenson never testified. She was not subpoenaed, according to the affidavit of Hunt's attorney, because "the evidence that Mr. Hunt was not the driver was so overwhelming, that it ought not be necessary to secure a continuance" in order to accommodate her testimony. Aside from finding that Officer Balabon had probable cause to make the arrest, the court found independently that William Hunt was the driver.

## ISSUES

1. Did William Hunt have reasonable grounds to refuse chemical testing?

2. Is William Hunt entitled to a new trial or amended findings on the basis of newly discovered evidence?

## ANALYSIS

1. At the hearing to determine the validity of the revocation:

[i]t shall be an affirmative defense for the petitioner to prove that, at the time of the refusal, this refusal to permit the test was based on reasonable grounds.

Minn.Stat. § 169.123, subd. 6 (Supp.1983). Authorities are split over whether the assertion by a petitioner that he was not the driver constitutes a valid affirmative defense. *Compare Weber v. Orr*, 274 Cal. App.2d 288, 79 Cal.Rptr. 297 (1969) (an affirmative defense), and *Leabo v. State*, 46 Or.App. 55, 610 P.2d 317 (1980) (not an affirmative defense). We need not reach this issue because the court determined that William Hunt was, in fact, the driver.

■ The court's findings will not be set aside "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R.Civ.P. 52.01. There was strong circumstantial evidence in favor of finding that William Hunt was the driver. The automobile was registered to him, he was in the proximity, and he denied knowing who the owner was. The primary evidence in favor of a contrary conclusion came in the testimony of William Hunt and Gloria Hunt. The court determined that their version was "extremely incredible." This record allows us to be deferential to the court's determination. Recently in *Berry v. Goetz*, 348 N.W.2d 376 (Minn.Ct. App.1984), we emphasized that whenever

the evidence supporting [the court's] finding as to any fact issue is entirely oral testimony, we may disturb that finding only in the most unusual circumstances.

*Id.* at 378 (quoting *Fidelity Bank and Trust Company v. Fitzimons,* 261 N.W.2d 586, 589 (Minn.1977).

Nothing unusual justifies a finding other than that reached by the trial court.

■ 2. A new trial may be granted when there is:

material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial.

Minn.R.Civ.P. 59.01(4). Hunt contends that the testimony of Linda Jorgenson is newly discovered. That is not the case. Hunt and his attorney knew prior to trial what Jorgenson witnessed. They did not see fit to subpoena her, nor request a continuance to obtain her testimony. These circumstances do not merit a new trial.

■ An offer of proof was made that Jorgenson would have testified that she picked up Gloria Hunt near the automobile. This would contradict the testimony of Officer Balabon and Linda Andrus who both were at the scene. In any event, Jorgenson could not have witnessed who was driving at the time the automobile skidded into the ditch. The court did not amend its facts because the Jorgenson evidence had slight probative value, and because other elements of the Hunt version were "extremely incredible." Under these circumstances, the court did not err by denying Hunt's motion for new findings.

**DECISION**

Affirmed.