**NORTHERN MESSENGER, INC., Relator,**

**v.**

**AIRPORT COURIERS, INC., Respondent,**

**Transportation Regulation Board, Respondent.**

**No. C9–84–717.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Byron E. Starns, James G. Bullard, Leonard, Street & Deinard, Minneapolis, for Northern Messenger, Inc., relator.

Nicholas Sherwood, Conrad J. Carr, Bloomington, for Airport Couriers, Inc., respondent.

Hubert H. Humphrey, III, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for Transportation Regulation Bd., respondent.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

Northern Messenger, Inc., appeals from an order of the Minnesota Transportation Regulation Board (board) granting local cartage carrier (LCC) authority to Airport Couriers, Inc. Northern Messenger claims the hearing examiner and board committed prejudicial error in refusing to allow the testimony of three witnesses who own authorized carrier services but had neither protested under Minn.Stat. § 216A.05, subd. 5 (1982), nor intervened under Minn. Rules 1400.6200 (1983). It also contends the board's grant of LCC authority to Airport Couriers is not supported by substantial evidence and was arbitrary and capricious. We reverse and remand.

## FACTS

Airport Couriers, Inc., is a Minnesota corporation formed in 1983 by three former drivers for LaSalle Cartage. All three were laid off, after at least 15 years of employment, when LaSalle Cartage lost its contract with Emery Air Freight.

Airport Couriers' business consists primarily of hauling air freight, which is exempt from intrastate regulation. Local freight cartage, however, requires a permit from the board. *See* Minn.Stat. § 221.296, subd. 3 (Supp.1983). To accommodate customers' needs for both air and cartage service, Airport Couriers filed a petition for LCC authority.

Northern Messenger and eight other authorized carriers filed petitions to intervene and protest; however, two days before the hearing the other eight protestants notified Northern Messenger of their intent to withdraw because of an antitrust investigation by the Minnesota Attorney General. Northern Messenger quickly arranged for witnesses from three other carriers with LCC authority but did not have time to disclose these witnesses to Airport Couriers before the hearing.

Immediately after the hearing opened, the eight protestants formally withdrew.

When Northern Messenger tried to call its three new witnesses, however, the hearing examiner refused to allow their testimony on the grounds that they had waived their right to testify because they had standing to intervene as parties but had failed to do so and that they had not been disclosed to Airport Couriers.

The hearing examiner concluded that Airport Couriers was fit and able to conduct the business but that it had not established a need for its services and recommended that the board deny the petition.

The board agreed with the hearing examiner's reasons for excluding the testimony of Northern Messenger's three witnesses and adopted the examiner's memorandum on that issue. The board also accepted the facts as found by the hearing examiner but concluded that Airport Couriers had established a need for its services and granted its petition for LCC authority. The permit was issued in March 1984, and Airport Couriers began operations as an authorized carrier.

After Northern Messenger filed a petition for certiorari to this court, it discovered that the tape containing the testimony of its Minneapolis manager, Steven Kelly, had been lost. This court remanded for a supplemental hearing to retake the testimony of Kelly and the three excluded witnesses. At the reconvened hearing Kelly and two of Northern Messenger's three witnesses, Douglas Philstrom and Juel Casperson, testified; the third was unable to appear. Because this court had retained appellate jurisdiction the board did not reconsider its decision in light of the additional testimony.

## ISSUE

1. Did the board's refusal to allow authorized carriers to testify as witnesses because they had not intervened as parties constitute unlawful procedure that substantially prejudiced Northern Messenger's rights?

## ANALYSIS

Northern Messenger contends the hearing examiner and board followed unlawful procedure in refusing to allow the testimony of Northern Messenger's previously undisclosed witnesses. The hearing examiner's memorandum essentially says these witnesses waived their right to appear because they had standing to intervene as protestants and did not do so:

It has been the standard procedure in this jurisdiction for at least 10 years to require competent motor carriers who object to the grant of a petition to intervene within the established time limits. The Examiner is unaware of any case where one intervening protestant was allowed to call other motor carriers as its witnesses when those other motor carriers had standing to intervene.

The hearing examiner's decision to exclude the witnesses was based on a long-standing policy of the board that was further explained in the memorandum attached to the board's decision:

The proposed testimony was the same evidence these motor carriers would have presented had they been Protestants at the hearing. Because these motor carriers had standing to intervene but chose not to do so, the testimony they would have given was excluded. * * * These motor carriers would have been appearing as witnesses to protect their own business operations. The Board's policy and that of its predecessors has been to require motor carriers to protect their economic interests by intervening as Protestants in a proceeding such as this.

■ There is no requirement in the rules of the board that any person with standing to intervene must do so or thereby waive his or her right to testify. Although this may be a long-standing, unwritten practice of the agency, such unpromulgated rules are not entitled to deference. *See Benson v. Commissioner of Public Safety*, 356 N.W.2d 799 at 801 (Minn.Ct.App.1984); *see generally McKee v. Likins*, 261 N.W.2d 566, 576–78 (Minn.1977).

The testimony was also excluded because of lack of notice to Airport Couriers. The rules provide that the names and addresses of witnesses a party intends to call must be disclosed on demand by another party. Minn.Rules 1400.6700, subp. 1 (1983).

The rules provide that if a person has failed to file a petition to intervene, the hearing examiner may

> hear the testimony and receive exhibits from any person at the hearing * * * but no person shall become, or be deemed to have become, a party by reason of such participation.

*Id.* 1400.6200, subp. 5. Furthermore, a hearing examiner may grant a continuance within five days of the hearing if good cause exists and the reason for the request could not have been earlier ascertained. *Id.* 1400.7500. The examiner may also grant a request for a continuance during a hearing "if it appears in the interest of justice that further testimony should be received." *Id.*

These rules are sufficiently flexible to accommodate unforeseen events such as those that occurred here. In fact, the hearing examiner allowed such a deviation from the rules when an undisclosed witness for Airport Couriers was allowed to testify. Northern Messenger could not have foreseen the last-minute withdrawal of all the other protestants. As a protestant, Northern Messenger had the burden of showing that existing carriers offer adequate services. *See Brinks, Inc. v. Minnesota Public Utilities Commission,* 355 N.W.2d 446, 450 (Minn.Ct.App.1984) (citing *Signal Delivery Service, Inc. v. Brynwood Transfer Co.,* 288 N.W.2d 707, 712 (Minn.1980)). In preparing its case it had a right to rely on the volume, if not the content, of the other protestants' testimony. Northern Messenger's failure to disclose the new witnesses was not unreasonable given the unexpected withdrawal of the other protestants. *See* Minn.Rules 1400.6700, subp. 1(B) (1983). The hearing examiner could have allowed their testimony or granted a continuance so that both Northern Messenger and Airport Couriers could prepare to examine the additional witnesses.

 The exclusion of witnesses on the essential issue of whether there were adequate existing services prejudiced Northern Messenger's substantial rights and constituted improper procedure. *See* Minn. Stat. § 14.69 (1982). We therefore remand this case to the board so that it may consider the testimony of the additional witnesses taken in the supplemental hearing on July 17, 1984. Although the board may use its expertise in evaluating the weight of this testimony, the board must at least consider it on the record. Because of our disposition, we do not reach the merits of the board's decision.

## DECISION

Reversed and remanded to the Transportation Regulation Board with directions to reconsider its decision in light of the testimony of Douglas Philstrom and Juel Casperson.

Reversed and remanded.